[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15151
Non-Argument Calendar

_____

D.C. Docket No. 6:19-cr-00047-RBD-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES JOHN EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 23, 2020)

Before WILLIAM PRYOR, Chief Judge, WILSON and FAY, Circuit Judges.

PER CURIAM:

James John Edwards appeals his conviction for possessing child pornography. 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Edwards challenges the denial of his motion to suppress his statement that he had computers in his bedroom, the sufficiency of the evidence that he knowingly possessed child pornography, and the admission of a thumb drive containing images and video recordings of child pornography that duplicated files found on his computer. We affirm.

The district court did not err by denying Edwards's motion to suppress. Edwards did not make an "unambiguous and unequivocal" request for counsel before he told two federal agents that his computers were in his bedroom. *See Davis v. United States*, 512 U.S. 452, 459 (1994); *Craig v. Singletary*, 127 F.3d 1030, 1039 (11th Cir. 1997). Fifteen minutes after Edwards waived his rights to remain silent and to counsel and answered interrogators' questions about downloading child pornography, he remarked, "I have an attorney that, you know, uh, I — I should probably be talking to." Edwards's indecisive reference to counsel, like the suspect's remark in *Davis* that "Maybe I should talk to a lawyer," conveyed "only that [Edwards] *might* be invoking the right to counsel," and did "not require the cessation of questioning." *Davis*, 512 U.S. at 459–61. Edwards then immediately agreed to continue the interrogation. When an agent offered to "get away from the whole child porn . . . topic for a minute, Okay?," Edwards responded, "Sure." Edwards also replied, "Okay," to the follow-up question

2

whether he was "okay with that." Because Edwards did not clearly state that he wanted counsel, the agents could continue to question him. *Cf.* C*annady v. Duggar*, 931 F.2d 752, 755 (11th Cir. 1991) (suppressing statements made after interrogator knew suspect had requested counsel).

After Edwards stated that his computers were "in [his] room," he made another ambiguous reference to counsel. Although the agents were not "requir[ed] . . . to ask clarifying questions," they asked Edwards whether he was invoking his right to counsel, and when he responded affirmatively, they ended his interrogation. *See Davis*, 512 U.S. at 461–62. Edwards did not clearly invoke his right to counsel before stating that his computer was in his bedroom, so the district court was not required to exclude his statement about the location of his computers.

Ample evidence proved that Edwards knowingly possessed child pornography. *See United States v. Beale*, 921 F.2d 1412, 1435 (11th Cir. 1991). Evidence seized from Edwards's room proved that he intentionally stockpiled electronic files that "showed minors engaging in sexually explicit conduct." *See United States v. Alfaro-Moncada*, 607 F.3d 720, 733 (11th Cir. 2010) (defining "knowingly possesses"). Agents who executed a search warrant at Edwards's home discovered in his bedroom the only computer equipment that was connected and operable. That equipment included a Dell desktop computer and an external hard

drive. Edwards's girlfriend stated that Edwards had exclusive access to the computer, which was attached to a hard drive that contained his family photographs, records for his computer-repair business, and copies of his resume, an employment reference, and invoices that all reflected his knowledge of programming, software, and hardware repair. The hard drive had been reconfigured to divide its operating-system and program software from its data storage, which stored more than 300 images and 1,000 video recordings of child pornography. The hard drive revealed that Picasa, a photo organizer program, and multimedia software players, like PotPlayer and KMP Player, had been used to view images and to create numerous playlists containing hundreds of video recordings of child pornography. The hard drive also revealed that the default settings for BitTorrent, a peer-to-peer file sharing program, had been changed to download images and video recordings of child pornography to a specifically-designated file and that those materials had been moved into a separately-located series of folders. And the titles of the video recordings revealed their contents using terms like "!!!XXX PTHC – family fun pedo parents do their two 8YO boys little libidos (Mom sex kiddies, they child peepeecum on dads(1).mpg)"; "Pthc center pova 2013 4YR girl having sex and cumming inside hole(2).wmv"; and "Pthc Asian 8YO girl on bed – full rape new.avi." Based on this evidence, a

4

reasonable jury could have found that Edwards used his technological expertise to possess the cache of child pornography.

The district court also did not abuse its discretion when it admitted into evidence the thumb drive of the child pornography seized from Edwards's bedroom. Evidence that is relevant is admissible. Fed. R. Evid. 401. The flash drive contained the same files of child pornography found on Edwards's computer and was relevant to determine whether Edwards, and not someone else, had collected the large amount of child pornography. *See Alfaro-Moncada*, 607 F.3d at 734. The district court also mitigated any undue prejudice by limiting the quantity and character of the evidence published to the jury. *See* Fed. R. Evid. 403; *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003). The district court admitted the flash drive on the condition that it would not be published to the jury during trial or closing statements. The jury then saw only seven still images and one video recording from the collection of child pornography found on the computer. Even if, as Edwards speculates, the jury viewed additional images on the flash drive during its one hour of deliberations, those images could not have had a "substantial and injurious effect or influence" on the verdict in the light of the overwhelming evidence of Edwards's guilt. *See United States v. Phaknikone*, 605 F.3d 1099, 1109 (11th Cir. 2010).

We **AFFIRM** Edwards's conviction.

5